Opinion delivered April 10, 1888.

No. 5856.

THOS. C. NYE ET AL. *v.* JAS. S. MOODY.

1. LIEN OF JUDGMENT.—The lien given to a judgment after its registration and index is statutory, and can not exist without a compliance with the terms of the statute. Unless the abstract of the judgment is indexed in the manner pointed out by the statute, no lien exists.

2. CERTAINTY.—See opinion for description contained in a deed for land, held sufficiently certain. The fact that field notes of a survey to be made after its execution, which by its terms were to be attached and recorded with it as part of a new certain description were not so attached, did not impair its effect as a recorded instrument.

3. CERTAINTY IN DEED.—A deed for a given number of acres out of a larger tract with right to vendee to select its locality is valid.

APPEAL from Wichita.   Tried below before the Hon. B. F. Williams.

*Robt. E. Huff* and *Herring & Kelley,* for appellant: The deed having called for field notes which were attached after the deed had been recorded, and which were presented with the deed as a recorded instrument, but which field notes had never been recorded; such deed and field notes thus presented by appellee as a recorded instrument, ought not to have been admitted in evidence without proof of its execution. It was necessary that the whole should have been recorded in order for the whole to be introduced as a recorded instrument, and to effect notice. (Rev. Stats., art. 2257; McLouth v. Hurt, 51 Texas, 115.)

The deed was void for uncertainty, and could not operate as a conveyance of the land sued for, as it contained no description thereof. (Norris v. Hunt, 51 Texas, 615; Kingston v.

Pickens, 46 Texas, 101; Daugherty v. Cox, 13 Texas, 213; Murray v. Land, 27 Texas, 89; Davenport v. Chilton, 25 Texas, 518; Pressley v. Testard, 29 Texas, 201.)

The court erred in holding that the abstract of judgment of Heber Stone et al. v. W. A. Casseday in evidence constituted no lien upon the land in controversy.

If the clerk failed to index the abstract it would not effect the validity of the lien designed to be created by the record and filing of said abstract. (Rev. Stat., arts. 4297, 3153, 4299, 4304, 4338; Throckmorton v. Price, 28 Texas, 605; Wade on Notice, secs. 165, 171.)

*W. W. Flood* and *Hunter & Stewart*, for appellee: The deed from W. A. Casseday to James S. Moody, appellee, was properly admitted in evidence, the same having been duly executed, delivered and registered according to law.

The description was sufficient and its registration gave notice. (Hawly v. Bullock, 29 Texas, 216; Wethered v. Boon, 17 Texas, 143; Early v. Sterrett, 18 Texas, 117; Berry v. Wright, 14 Texas, 269.)

The record of the abstract was not indexed, neither was the record so kept or arranged as to be an index within itself. The record in which said abstract was entered had an index, but the names of the parties to this abstract were not upon it. (Rev. Stats., arts. 3158, 3159; Legierse & Co. v. Getzendaner & Ferris, 1 Texas Law Reporter, No. 5, p. 423; Freeman on Judgments, sec. 343.)

WALKER, ASSOCIATE JUSTICE. Moody brought an action of trespass to try title for two hundred acres of land against the defendants. The title asserted was a deed from W. A. Casseday, under whom defendants also claimed title, with description as follows:

"Two hundred acres of the Chas. L. Harrison one-third league survey on the Wichita river, in Wichita county, Texas, to be run off by the surveyor of said county, fronting four hundred and seventy-five varas on the river and back for complement of two hundred acres to be taken out of my half of said survey, and begin at the upper or lower corner and run with the upper or lower line of my survey for complement. Field notes to be attached to this deed by said surveyor and become a part of this instrument." The deed bore date November 12, 1879, and

was duly recorded April 15, 1881, in Clay county, to which Wichita county had been attached for judicial purposes. Moody had Warren, the county surveyor of Wichita county, make a survey with field notes which were attached to the deed, in August or September, 1882. Stone and Giddings recovered a judgment against Casseday December 17, 1880, in the district court of McLennan county. An abstract of this judgment was filed for record and was recorded January 21, 1881, in judgment record book No. 1, page 5, by the county clerk of Clay county. October 26, 1881, an alias execution was issued on the judgment to Clay county under which the entire Casseday interest in the survey, and including the Moody part, was sold. Sheriff's deed was executed and defendants showed title under this sale.

The case was tried by the judge, and he found as a fact that the abstract of the judgment had not been indexed, and that the lien was not fixed by the record without such indexing. The testimony on which the finding was based was amply sufficient. The abstract had not been entered on the index as the statute required.

Judgment liens are regulated by statute. Revised Statutes, article 3155, provides what an abstract of a judgment for record shall contain. Article 3157 provides that "the county clerk shall file and immediately record the same (the abstract) in the judgment record, noting in such record the day and hour of such record, and shall also at the same time enter it upon the index."

Article 3158: "The index to such judgment record shall be alphabetical, and shall show the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded."

Article 3159 provides: "When any judgment has been recorded and *indexed*, as provided in the next preceding articles, it shall from the date of such record and index operate as a lien upon all the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire, situated in said county."

As the lien is the creature of the statute, it follows that until the conditions to the lien fixed by the statute have been complied with the lien is not established. The indexing so carefully described and provided for can not be dispensed with

by the courts.   The terms used in the statute are simple and clear.   The meaning and intent are expressed.   It is not for the courts to question the policy of the law.   They can only apply it to a state of facts ascertained when rights are litigated and the jurisdiction of the courts invoked. ·

The deed from Casseday to Moody sufficiently identified the interest conveyed.   The right to select the locality of the two hundred acres was valid, and will be protected.   (Wofford v. McKinney, 23 Texas, 46.)   The subsequent levy and sale were subject to Moody's rights.   That the field notes were subsequently attached to the deed would not lessen its effect as a recorded instrument.

There was no error in the judgment below and it is affirmed.

*Affirmed.*