## BUSH v. FARRIS.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1896.)

No. 424.

JUDGMENTS—LIEN—TEXAS STATUTE.

The statute of Texas providing for the lien of judgments upon the property of the judgment debtors prescribes as essentials (article 3155) that the abstract of the judgment, when recorded, shall show the names of the plaintiff and defendant, the number of the suit, the date of the rendition of the judgment, its amount, the amount of credits, if any, and the amount due. *Held*, that the recording of an abstract which failed to show the amount of the judgment (there being no dollar or cent marks prefixed to the figures in the columns indicating the amount, and there being, also, a disparity between the figures so set down and the real amount for which the judgment was rendered) was ineffectual to create a lien upon the property of the judgment debtor.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

T. D. Montrose and R. R. Meyland, for appellant.

W. H. Alexander, W. H. Clark, and W. L. Hall, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

BOARMAN, District Judge. The original and amended bills of complainant (a citizen of Missouri) represent that Sarah M. Simpson (a feme sole, and a citizen of Texas) is indebted to him in the sum of $7,000, with interest thereon, and $700 attorney's fees,—said indebtedness being evidenced by seven certain promissory bonds or notes, for $1,000 each, with interest coupons, payable semiannually, attached to each bond, the bonds and coupons bearing date December 1, 1890; that the payment of the money, with interest, was secured by a deed of trust upon the lands and premises now in controversy, and fully described in complainant's bill; that said deed of trust was executed in favor of complainant by the said Sarah Simpson, and was recorded in Hunt county, Tex., December 3, 1890, the land in question being situated therein. Complainant further avers that he is the legal holder and owner of said notes and coupons, and that said Mrs. Simpson having failed to make the payments thereon due July, A. D. 1893, the whole of said debt, with interest as stipulated, with $700 attorney's fees in addition thereto, has become, under and in accordance with the stipulation in said deed of trust, now due and payable; that, the premises considered, the complainant is entitled to a judgment against Sarah Simpson herself, on the foreclosure of said deed of trust, for all the said sums now past due. In the original and amended bills other persons are complained of, and named as defendants therein, but as the pleadings show that all of the matters complained of against the original defendants named in the bill, except Mrs. Simpson and Bush, were, in the process of the pleadings and hearing of this suit, and by the decree therein, eliminated or dismissed without complaint on their part, we will not herein mention them.

Complainant alleges that he makes W. H. Bush a party defendant, and asks for the foreclosure of said deed of trust and judgment thereon against him, because the said Bush, as he is informed and believes, and so alleges, is in possession of the premises described in his said bill of complaint, claiming and asserting interest in the same adverse to the complainant's rights therein, and is illegally and wrongfully asserting title in himself superior to, and free from, the complainant's lien. Complainant avers that he is advised, and so alleges, that said Bush is claiming and asserting such rights thereto under and by virtue of an execution levy upon said premises made in December 20, 1893, and sale made of the same to him February 6, 1894, as the property of said Sarah Simpson, by the sheriff of said Hunt county, under a judgment rendered by the clerk of said county, March 28, 1888, against said Mrs. Simpson. Complainant alleges that no lien superior to, or in any way affecting his rights under, the said deed of trust, attached to the land or premises of said Sarah Simpson, in favor of said Bush, by virtue of said judgment, or by recording the abstract thereof. He alleges that the abstract of said judgment, though it does appear to have been recorded in said Hunt county, was and is void, and without any legal effect against him, or the rights assigned and conveyed to him by the said Sarah Simpson in said deed of trust, because the said

abstract is faulty in law and fact, under the statutes of Texas, in this: that it fails to show the amount of the said judgment against said Sarah Simpson, either in numericals or in denomination, either separately or in the aggregate, and fails to give credit for the amount which was collected thereon prior to the issuance of the execution under which the sale was made to said Bush, and that all of said failures are in violation of the requirements which are provided for and made prerequisites by the laws of Texas before a valid lien can be created against the property of a judgment debtor. Complainant alleges further that said Bush had knowledge, both actual and constructive, of the foregoing facts, and that he bought in the property at the said execution sale for the grossly inadequate consideration of $1,200, and that his purchase thereof, and his acceptance of the said sheriff's deed, which is now on record in the record of deeds in Hunt county, Tex., was for the purpose of carrying out fraudulent understandings and agreements which had been entered into and made between himself and the said Sarah Simpson for the purpose of defeating the complainant in the collection of his said debt, and to impair his lien under his mortgage contract with the said Sarah Simpson; that, to further his said fraudulent understandings and purposes with the said Sarah Simpson, he or she, or both of them, fraudulently procured the issuance of the execution in Hunt county on the land mentioned, and caused the said premises to be sold to said Bush, and the said Bush did not pay any money for the same, or, if he did pay any money as the purchase price of the said property so sold, the money so paid by him to the sheriff, or to any one else, was returned to him, in accordance with said fraudulent understandings and purposes between himself and the said Sarah Simpson. Complainant prays for judgment against Sarah Simpson for damages in the sum of $10,000, including interest, attorney's fees, and the costs of suit, with a decree establishing and declaring his lien on the aforesaid premises to be a lien superior to any lien or right which the said Bush claims or may claim to have or to exercise over the land and premises described in the deed of trust; that the said sheriff's deed made under the execution sale as aforesaid to the said W. H. Bush, which was dated February 6th, and recorded in the records of deeds in Hunt county, Tex. (volume 76, pp. 122, 123), be vacated and annulled; and complainant prays for order of sale of said premises in satisfaction of his said debt.

Demurrers to complainant's bill were filed in the interest of both Mrs. Simpson and Bush. The demurrers having been, as we think, properly overruled, each of them filed answers. Mrs. Simpson did not deny her liability on the obligations evidenced by the several promissory bonds or notes and deed of trust, nor does she resist complainant's right to the foreclosure and decree prayed for; but she denies having entered into any fraudulent transactions with the said Bush, as charged in the complainant's bill. Bush answered, denying that he was in any way guilty of the fraud charged, and his answer put at issue the facts upon which complainant, in his bill, relied for recovery against him. In his answer he alleges

especially that he bought the said lands at said sale in good faith, for himself; that he thereby became the legal owner of the same, free from any lien now claimed by complainants; that said sale was legally made in execution of the judgment against the said Sarah Simpson, and he paid the sheriff $1,200 for said land. He alleges that the abstract showing the said judgment, under which the sheriff made his sale, complied fully in its terms and statements with all the requirements and provisions of the statutes of Texas relating to the recording or entry of such abstracts.

It will be seen, in the above statement of the case, that the issues of fact and law disclosed in the pleadings resolve themselves into a question, as the learned judge of the circuit court stated in his conclusions, as to the priority of the lien of two debts on the same premises. The priority of the two liens, it was conceded in the argument, must be determined by a reference to the jurisprudence outlined and adhered to in the decisions in the state of Texas on the state's statutes relating to the registration and recording of the abstracts of judgments which create a lien against property of the judgment debtor. Article 3155, Rev. St. Tex., prescribes the following essentials as necessary to create a valid lien against the property of a judgment debtor: First, that the abstract of the judgment, when recorded, shall show the names of the plaintiff and defendant; second, the number of the suit; third, the date on which the judgment was rendered, and the amount of judgment, the amount of credits, if any, and the amount due upon the same. We think the undisputed evidence relating to the registration of the abstract under which Bush claims that his lien was fixed against Mrs. Simpson's property, described in said deed of trust, conclusively shows that said abstract is faulty in law and fact, in that it fails to show the amount of the judgment against Mrs. Simpson; in the further fact that there are no dollar or cent marks prefixed to the figures which are set down in the columns to indicate the amount of judgment; and that the said abstract shows a disparity between the figures showing the amount of the judgment, and the real amount for which the judgment was rendered. The appellant, in his brief, presents a copy of the abstract relied on by him to establish and fix the priority of Bush's lien. It is admitted that the copy shows failure, in the registration, to prefix the dollar and cent marks, and the appellant, in his brief, seems to recognize that the amount shown in the abstract varies, in a small sum, from the amount for which the judgment was originally rendered against Mrs. Simpson. The court below, passing by the objections as to the absence of the dollar and cent marks, sustained the complainant's contention that the amount of the judgment was not correctly stated in said abstract, and concluded, for the reason last mentioned, that the abstract, as recorded, did not create a lien on the land, or furnish notice to complainant, and that the record of complainant's trust deed took precedence of the judgment under which respondent claims. The appellant contends that the defects in said abstract, whatever they may be, were and are immaterial, because the abstract contained all things necessary to substantially comply

.with the law, and the abstract, as it appears to be recorded, was sufficient to excite inquiry, and indicate the source of full information to said complainant, at the time he contracted with the said Mrs. Simpson. Both parties claim a prior lien under the laws of Texas,—one under the deed of trust duly recorded; the other, by reason of a judgment, the abstract of which, it is contended, was legally recorded prior to the said deed of trust. The issues of law presented on the state of facts not denied in this case have been frequently brought to the attention of, and passed upon by, the courts in Texas. We find the decisions therein uniformly hold, substantially, that judgment liens are the creations of, and are regulated by, statutes, and that, until the conditions to the lien fixed by the statutes have been complied with, no lien is established. The supreme court of Texas, in discussing article 3155, said, in Nye v. Moody, 70 Tex. 436, 8 S. W. 606, that the terms of the statute are simple and clear, and, both the meaning and intent being fully expressed in the statute, it is not for the court to question the policy of the law. And in Bonner v. Grigsby, 84 Tex. 332, 19 S. W. 511, it was held that a failure in the record to give the number of the suit was fatal to the lien asserted, and that the courts have no more right to disregard the provisions of the statute requiring the abstract to show the number of the judgment than they would have to disregard any other provision which the legislature has prescribed as a prerequisite to the authority to record the abstract. These views seem to be uniformly maintained in the Texas authorities. The federal courts have had occasion to consider statutory provisions similar to those we find in the Texas statutes relating to the requirements or prerequisites for creating valid liens against a judgment debtor's property in other states. In Re Boyd, 4 Sawy. 262, Fed. Cas. No. 1,746, the court, in considering a similar statutory provision in Oregon, held that the failure to give denominational marks on any part of the abstract was fatal to the lien. Mr. Justice Field, on a petition for review in the circuit court in that case, said that:

"The lien is a mere creation of the statute, and, to its existence, the provision of the statutes must be followed in all substantial particulars. The docket must disclose the amount of the judgment rendered. Mere numericals, without any indication that they represent dollars, or other denominations of money, are not sufficient. Any omission in this particular cannot be supplied by reference to the record of the judgment. The object of the law is to make the judgment a lien upon the property of the debtor in any county where it is situated, and, as such county may be at a great distance from the one in which the judgment is rendered, the law contemplates that the docket entry shall impart knowledge of all the facts which a purchaser of the property need ascertain."

Counsel for appellant, in support of his contention that the abstract shows a sufficient compliance with the law, does not advise us of any Texas authorities to sustain his argument, but cites us to the case of Cooke v. Avery, 147 U. S. 375, 13 Sup. Ct. 340, and says the abstract was sufficient in this case "to excite inquiry, and indicate the source of full information to the appellee, Herman P. Farris, at the time Mrs. Simpson executed to him the mortgage." The case of Cooke v. Avery went up from a federal court in Texas. It was a

case in which the defect pointed out in the abstract was in relation to indexing the names of the suitors. The court passed upon but one matter at all akin to the law issue here. The defect charged as being in the abstract in that case, for the purpose of avoiding the lien, was as to indexing the names of plaintiff and defendant. In that case the abstract showed a registration of the judgment in favor of a partnership firm, "Deere, Manser & Co.," and it was alleged that, in so showing the names of the partnership, the abstract did not comply with the requirements of the Texas statute. The supreme court, in passing upon that issue, held, in the line of several cases cited therein from the Texas authorities, that all the statutory prerequisites as to the indexing were complied with, because the name of plaintiff, being a partnership firm, was correctly given in the abstract. As that case is now of interest to us, it appears that the court determined but one issue, and that was whether or not the abstract therein, in giving the name of the partnership firm, instead of the names of the several partners, complied with the statute (article 3158) with reference to indexing the record. Article 3155 shows what are the prerequisites of the abstract itself; and the chief justice, in Cooke v. Avery, though he was discussing matters akin to the subject-matter of our present inquiry, found in article 3155, was in fact considering article 3158, which relates to and shows the prerequisites of the index to the record where the abstract may be found. That article provides that "the index to a judgment record shall be alphabetical and shall show the name of each plaintiff and of each defendant in the judgment, and the number of page of the book upon which the abstract is recorded." In Cooke v. Avery the index gave the plaintiff's name as "Deere, Manser & Co." The court, having said that the abstract itself complied with all the prerequisites of article 3155, held that the only issue to be passed on was as to whether the recital in the index of the partnership firm name, "Deere, Manser & Co.," shows in itself a sufficient compliance with article 3158. After stating those issues, the court quotes from Willis v. Smith, 66 Tex. 31–43, 17 S. W. 247: "The object of the statute is not to incumber the registry with the full information, but to excite inquiry, and indicate the source of full information." And, by way of applying the conclusions of the Texas courts to the issue the court was then considering, the chief justice adds that, in the index showing the partnership firm's name, "a source of full information was so indicated in this instance that no reasonably prudent or cautious inquirer could go astray." The Texas authorities we have examined, wherein a discussion of article 3155 was involved, uniformly hold, as the basis of their conclusions, that the lien given by the Texas statute, being a creature thereof, and not an incident or legal consequence of the judgment behind it, arises from the registration of the abstract of the judgment; that it is a statutory right or privilege, in the beneficiary of the lien, and the preference or advantage it gives him must stand or fall by a strict compliance with the statutory requirements. We find the doctrine announced in Re Boyd, 4 Sawy. 262, Fed. Cas. No. 1,746, to be in line with the reason-

ing and conclusions of the Texas courts, as to a valid lien under article 3155; and we can see no such variance between such authorities and the conclusions reached by the chief justice in Cooke v. Avery as will warrant analogies from the reasoning or conclusions therein favorable to the contention of appellant's counsel. It seems that, in the counsel's reliance upon the language which he quotes from the supreme court, he overlooks the fact that the court at the moment, in that case, was considering article 3158, and that it was clearly the intention of the author of the opinion, in using such language, to limit his discussion and conclusions, for the moment, to the requirements or prerequisites of that article to a valid lien, and to say that such prerequisites were sufficiently complied with in putting in the index to the record the name of the partnership as one of the suitors in that case. It follows that the decree of the circuit court was right, and it is consequently affirmed.