### ANDREW KANZ v. P. J. WILLIS & BRO.

Delivered April 1, 1897.

**Abstract of Judgment—Index to Record—Sufficiency.**

The registration of a judgment in favor of a corporation named "P. J. Willis & Bro.," against J. C. Mullen and G. W. Allen, is sufficiently indexed where there appears, under the letter "A," "Allen, G. W., and J. C. Mullen, P. J. Willis vs.;" under the letter "M," "Mullen, J. C., and G. W. Allen, P. J. Willis vs., p. 293;" and under the letter "W," "Willis, P. J. & Bro. vs. J. C. Mullen and G. W. Allen, p. 293."

APPEAL from Lavaca. Tried below before Hon. T. H. SPOONER.

*S. C. Patton,* for appellant.

*Moore & Duncan,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellee, a private corporation, against appellant, for a tract of land in controversy between them. The only question involved is as to the sufficiency of the indexing of an abstract of a judgment under which appellee claimed, and which was essential to its title.

The judgment was one recovered by appellee, as a corporation, against J. C. Mullen and G. W. Allen, and an abstract of it was filed and registered in the office of the county clerk of Lavaca County. The index made of the registration was as follows:

Under the letter "W": "Willis, P. J., & Bro. vs. J. C. Mullen and G. W. Allen, p. 293." Under the letter "M": "Mullen, J. C., and G. W. Allen, P. J. Willis vs., p. 293." Under the letter "A": "Allen, G. W., and J. C. Mullen, P. J. Willis vs."

Appellee claimed the land in controversy under a sale by virtue of an execution on this judgment, and appellant claimed under a deed from J. C. Allen, both subsequent to the registration of the abstract.

We are of the opinion that the names of both plaintiff and defendants in the judgment appear from the index, and that it was sufficient to give rise to the statutory lien on the property of the judgment debtors. Burnett v. Cockshott, 21 S. W. Rep., 950; Glasscock v. Stringer, 32 S. W. Rep., 923.

The judgment is affirmed.

*Affirmed.*