McLARRY v. STUDEBAKER BROS. CO. OF TEXAS et al.†

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1912. Rehearing Denied March 29, 1912.)

1. JUDGMENT (§ 769*)—RECORDING—LIEN.

Under Rev. St. 1895, art. 3287, providing that when an abstract of a judgment is presented to the clerk he shall immediately record it in the judgment record, and that the index to such record shall be alphabetical, showing the name of each defendant and plaintiff in the judgment, the index of the judgment must contain the names of the plaintiffs and defendants alphabetically, in order to create a lien upon the judgment debtor's property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1327; Dec. Dig. § 769.*]

2. JUDGMENT (§ 769*)—RECORDING—LIEN.

Where a judgment was recovered by the Studebaker Bros. Company of Texas, and in the index of an abstract of the judgment it only appeared as the Studebaker Bros. Company, and did not appear under the letter "S," such index was insufficient under Rev. St. 1895, arts. 3287, 3288, providing for the recording of abstracts of judgments and the indexing thereof, to create a judgment lien on the property of the judgment debtor, because not showing the true name of the party who recovered the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1327; Dec. Dig. § 769.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by B. D. McLarry against the Studebaker Bros. Company of Texas and another. From a judgment for defendants, plaintiff appeals. Reversed and rendered.

Bean & Klett, of Lubbock, for appellant. Roscoe Wilson, of Lubbock, and Alex F. Weisberg and Spence, Knight, Baker & Harris, all of Dallas, for appellees.

PRESLER, J. Appellant, B. D. McLarry, instituted this suit February 18, 1911, against Studebaker Bros. Company of Texas and W. H. Flynn, sheriff of Lubbock county, to restrain the sale of lots 15 and 16, in block 170, of the town of Lubbock, Lubbock county, Tex., levied on February 8, 1911, under an execution issued on a judgment rendered June 10, 1910, in the district court of Dallas county, in favor of Studebaker Bros. Company of Texas against Gus Pyron, Van Sanders, A. Blake, John Caruthers, and Wes Hyatt, and an abstract of which judgment Studebaker Bros. Company of Texas claimed had been duly recorded and indexed in Lubbock county on June 18, 1910; the plaintiff alleging that he was the owner of said lots, having received a deed thereto from Van Sanders and wife on June 16, 1910, which deed was filed for record on August 8, 1910.

Plaintiff alleged that said abstract of judgment did not create a lien on said lots, because: (a) The county clerk of Lubbock county did not immediately record and index said abstract of judgment, but waited about five days before recording it, during which time the plaintiff became the owner of said real estate hereinabove described. (b) Said abstract of judgment was not, at the time of its record in the judgment record, nor until long after plaintiff purchased said land, and filed his deed therefor, "indexed" under the name of Studebaker Bros. Company of Texas alphabetically in the direct index to said record; nor did the index to said abstract of judgment show the name of each plaintiff and of each defendant in the judgment.

The defendant Studebaker Bros. Company of Texas admitted in its answer that it had levied on the lots in controversy and was proceeding to sell same, as alleged by plaintiff, but insisted that the abstract of its judgment, as recorded and indexed on June 18, 1910, created a judgment lien on said lots. Defendant Flynn filed a general demurrer and general denial, and an admission that he had levied on said property and was advertising same for sale under the instructions of the attorney for Studebaker Bros. Company of Texas.

The case was tried May 30, 1911, without a jury. The court held that the abstract, as recorded and indexed, substantially complied with the law, and gave judgment for defendants. From this judgment, the plaintiff, B. D. McLarry, has appealed.

The trial court filed findings of fact and conclusions of law, which are as follows: "In the District Court of Lubbock County, Texas, May term, A. D. 1911. B. D. McLarry v. Studebaker Bros. Company of Texas et al. No. 522. The court submits findings of fact and conclusions of law in the above numbered and entitled cause, which was tried and judgment rendered and entered on the 30th day of May, A. D. 1911, as follows:

"(1) That a judgment was rendered in the district court of Dallas county, Tex., on June 7, 1910, in the case of Studebaker Bros. Company of Texas, plaintiff, against Gus Pyron, John Caruthers, Van Sanders, Wes Hyatt, and A. Blake, defendants, No. 7,211, for the sum of $1,072.90, with 10 per cent. interest thereon from said date.

"(2) That on the 10th day of June, A. D. 1910, said plaintiff procured an abstract of judgment under the hand and seal of the clerk of the district court of Dallas county, Tex., and filed the same for record in the office of the county clerk of Lubbock county,

---

Tex., on June 13, 1910, at 5:30 p. m., and the same was duly recorded on June 18, 1910, at 10:20 a. m. in the judgment record of said county, vol. No. 1, p. 59.

"(3) The only difference apparent to the court is in the number of the certified copy of the judgment offered in evidence and the record of said abstract of judgment, the certified copy aforesaid being numbered 7,211, and the said judgment record bears the number 7,211b, but is for the same amount, bears the same date, and is between the same parties, both plaintiff and defendant.

"(4) That said abstract of judgment is indexed as follows:

| Plaintiff. | Defendant. |
|---|---|
| Quick, J. D., et al. | W. L. Garland, M. D., 47. |
| Roe, A. J. | R. L. & W. H. Helms, p. 46. |
| Rollins, T. S. & | |
| Will Young. | Wm. Wilkindon, p. 1. |
| Q—Spaulding Mfg. Co. | |
| composed of | |
| R—H. W. Spaulding | J. J. Dillard 37. |
| E. E. " | " " " " |
| E. H. " | " " " " |
| Stringfellow & Hume | " " " 48. |
| Studebaker Bros. Co. | Gus Pyron et al. 59. |
| " " " | John Caruthers et al. 59. |
| " " " | Van Sanders et al. 59. |
| " " " | Wes Hyatt et al. 59. |
| " " " | A. Blake et al. 59. |

Reverse.

| Defendant. | Plaintiff. |
|---|---|
| Rollins, T. S. & | |
| Will Young, page 1. | |
| Reed, H. B. | Mrs. E. Kempner, Adm'x, p. 18. |
| Reed, H. B. & | |
| J. M. Barbee, p. 22. | 1st Nat'l Bank of Cisco, p. 22. |
| J. F. Raley. | |
| Jno. A. Tubbs. | |
| A. A. Graves, p. 27. | G. W. Goodman, p. 27. |
| Sanders, Van & | |
| J. R. Milwee. | E. H. Ernest 32. |
| Stegman, B. G. & | |
| L. M. Faulkner. | J. J. Dillard 33. |
| Schroder et al. | Merchants' Nat'l Bank, p. 52. |
| Sanders, Van, et al. | Studebaker Bros. Co., p. 59. |
| " " " | Geo. L. Beatty 60. |
| Standifer, J. H., et al. | A. B. Green, p. 66. |
| R | |
| S | |

"(5) That the word "Reverse," at the top of page 17, occurs only once in the preceding 16 pages, and does not occur in the succeeding pages. That on July 8, 1910, an execution was issued, directed to Dallas county, Tex., and returned nulla bona; and thereafter two executions were issued to Lubbock county, Tex., bearing date July 8, 1910, and October 31, 1910, respectively, both of which were returned nulla bona.

"(6) That on December 31, 1910, a fourth execution was issued, which was directed to Lubbock county, Tex., and the same was levied by the sheriff of said county on lots Nos. 15 and 16, in block No. 170, in the original town of Lubbock, and advertised by said sheriff for sale at public vendue on first Tuesday in March, A. D. 1911; and the plaintiff in this case, B. D. McLarry, sued out an injunction, which defendants herein are seeking to have dissolved.

"(7) That on June 14, 1910, Van Sanders and his wife, Lizzie Sanders, by warranty deed, conveyed said lots Nos. 15 and 16, in block No. 170, situated in the original town of Lubbock, and being the lots in controversy, to the plaintiff B. D. McLarry. Said deed was delivered to said B. D. McLarry on June 16, 1910, but the same was not filed for record until August 8, 1910, and was recorded on August 9, 1910.

"Conclusions of Law.

"(1) I conclude that, applying the 'rule of reason,' the statute in reference to the recording of abstracts of judgments has been substantially complied with by Studebaker Bros. Company of Texas, and that the same constituted a valid lien on said lots Nos. 15 and 16, in block No. 170, aforesaid, being the lots in controversy, from and after the record of said abstract of judgment on June 18, 1910, and was good as against the unrecorded deed of plaintiff, B. D. McLarry, said deed not having been filed for record until August 8, 1910, and overrule the contention of plaintiff B. D. McLarry."

We adopt said findings of fact as above set out, except the statement "that the word 'Reverse,' at the top of page 17, occurs only once in the preceding 16 pages, and does not occur in the succeeding pages," which we find no evidence in the record to sustain.

Appellant's first and second assignments are as follows:

(1) "The judgment of the court is contrary to the law and evidence, in this: The defendant Studebaker Bros. Company of Texas had no judgment lien against the land in controversy, as the abstract of the judgment obtained by Studebaker Bros. Company of Texas against Van Sanders et al. was not properly and legally indexed, because the name of Studebaker Bros. Company of Texas, plaintiff in said judgment, was not indexed under the letter 'S' in said index."

(2) "The judgment of the court is contrary to the law and the evidence, in this: The defendant Studebaker Bros. Company of Texas had no judgment lien against the land in controversy, as the abstract of the judgment that was obtained by Studebaker Bros. Company of Texas against Van Sanders et al. was not legally indexed, because the index to the judgment record containing said abstract of judgment does not show the name of Studebaker Bros. Company of Texas, plaintiff in said judgment."

[1, 2] Article 3287, R. S., is as follows: "When any such abstract as is provided for in the three preceding articles is presented to the clerk of the county court for record he shall file and immediately record the same in the judgment record, noting in such record the day and hour of such record and shall also at the same time enter it upon the index."

Article 3288, R. S., says: "The index to such judgment record shall be alphabetical and shall show the name of each plaintiff and of each defendant in the judgment and

the number of the page of the book upon which. the abstract is recorded."

We are of the opinion that the objections to the index raised .under both of these assignments are well taken. As shown by the evidence and the findings of the trial court, the name of the plaintiff in the judgment abstracted is given, both in the judgment and in the abstract thereof, as "Studebaker Bros. Company of Texas," and from the copy of the index, as set out in the findings of the court, the name of the plaintiff in the judgment, "Studebaker Bros. Company of Texas," is not indexed with the name of all the other plaintiffs whose names begin with S, but the name of Studebaker Bros. Company "appears in the direct index under the letters 'Q, R,' only"; and it further appears that the correct name of plaintiff, to wit, "Studebaker Bros. Company of Texas" is nowhere given in said index, either direct or reverse. We have examined the decisions both cited and quoted from by appellee in its brief, but find no authority which, in our opinion, would warrant our holding that an index is even in substantial compliance with the statute which nowhere in the index, either direct or reverse, sets out the correct name of the plaintiff in the judgment, as shown by the abstract recorded and by the copy of the judgment in the record. Nor are we prepared to hold that the name given "Studebaker Bros. Company" reasonably apprises one who is searching the record of the identity of the judgment creditor Studebaker Bros. Company of Texas.

We cannot agree with appellee in its contention that the case of Willis et al. v. Downs et al., 46 S. W. 920, is almost identical with the case at bar. The index in the Willis Case is thus given: Direct, "The Electric Cutlery Company v. R. L. Douglas." Reverse, "Douglas, R. L. & Co. .v. Electric Cutlery Company." The court, passing upon the question of what effect, if any, the addition of "& Co." to the name of R. L. Douglas in the index had upon the fixing of the lien said that "said addition to the name of R. L. Douglas does not invalidate the lien." We note, however, that the names of both plaintiff and defendant are correctly stated in the direct index; while in the case before us the name of the plaintiff Studebaker Bros. Company of Texas is nowhere correctly stated in the index, either direct or reverse. Neither do we think the contention of appellee is supported by the opinion in the case of Kanz v. P. J. Willis & Bro., 16 Tex. Civ. App. 12, 40 S. W. 171. The index in that case was as follows: Under the letter "W," "Willis, P. J., & Bro. v. J. C. Mullen & C. W. Allen, p. 293;" under the letter "M," "Mullen, J. C., & G. W. Allen, P. J. Willis v., p. 293;" and under the letter "A," "Allen, G. W., and J. C. Mullen, P. J. Willis v." And the court held that the names of both plaintiffs and the defendants in the judgment ap-

pear from the "index," and that it was sufficient to give rise to the statutory lien on the property of the judgment debtors.

The objections urged in the present case are (1) that the name of the plaintiff, as attempted to be set out in the index, was under the letters "Q, R," when it should have been under the letter "S"; (2) that the correct name of the plaintiff in judgment, "Studebaker Bros. Company of Texas," nowhere appears in the index. We are of the opinion that the statute in question makes it necessary to index the judgment alphabetically in the name of each plaintiff and of each defendant in the judgment, and that it is required that it shall be correctly indexed, giving each of such names, and at least the index, when considered as a whole, should somewhere show the correct name of the plaintiff in the judgment, and of the defendant upon whose property the lien is sought to be fixed, in order that even a substantial compliance with the statute be shown. We therefore hold that appellee had acquired no judgment lien against the land in controversy, and that the trial court erred in dissolving the injunction. Arts. 3287 and 3288, R. S.; Noble v. Barner, 22 Tex. Civ. App. 357, 55 S. W. 382; Steffens v. Cameron (Sup.) 19 S. W. 1068; Gin Company v. Oliver, 78 Tex. 186, 14 S. W. 451.

In view of the conclusion here reached, as stated above, we find it unnecessary to pass upon appellant's remaining assignments. The judgment of the trial court is accordingly reversed, and judgment is here rendered for appellant, perpetuating said injunction, and for all costs by him in this behalf incurred.

Reversed and rendered.