**Evelyn D. JANAK, as permanent guardian for Victor J. Janak, N. C. M., Appellant,**

**v.**

**SECURITY LUMBER COMPANY, INC., Appellee.**

**No. 16348.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Aug. 29, 1974.

Turner & White, Tom M. White, Houston, for appellant.

William Key Wilde, William Fred Hagans, Houston, (Bracewell & Patterson, Houston, of counsel), for appellee.

PEDEN, Justice.

Security Lumber Company brought this suit against Rapid Builders, Inc., on a sworn account and against Evelyn D. Janak, permanent guardian for Victor J. Janak, N.C.M., on Mr. Janak's written agreement guaranteeing payment of the account. Security Lumber took an interlocutory default judgment against Rapid Builders on the sworn account, then went to trial in this case against Evelyn D. Janak, as guardian, on the guaranty agreement. The trial court, sitting without a jury, found for the plaintiff against the guardian and merged the interlocutory default into the final judgment. The guardian is the only appellant. No findings of fact or conclusions of law were requested or made.

Appellant's first point of error is that the trial court erred in granting a judgment to Security Lumber against the Estate of Victor J. Janak, N.C.M., when the estate was not named as a party in the suit, was not served with notice, did not answer and did not appear in court in any capacity. The appellant argues that the estate was a necessary party.

This action was brought pursuant to Probate Code, § 313, Vernon's Texas Civil Statutes, after Evelyn Janak as guardian of Victor Janak had denied Security Lumber's claim. Section 230 of the Probate Code authorizes a guardian to defend suits filed against her ward.

■ The estate of Victor Janak is not a legal entity and cannot sue or be sued as such. Walzem Development Company, Inc. v. Gerfers, 487 S.W.2d 219, 223 (Tex. Civ.App.1972, writ ref. n.r.e.) ; Camellia Diced Cream Co. v. Chance, 339 S.W.2d 558, 560 (Tex.Civ.App.1960, no writ). The estate is neither a necessary nor a proper party to this action. The guardian, as the estate's legal representative, is the proper party to defend the suit.

■ Nor do we agree with the appellant's assertion that the trial court granted a judgment against the Estate of Victor J. Janak, N.C.M. The judgment, after reciting that the defendant, Evelyn D. Janak, permanent guardian for Victor J. Janak, had appeared, stated that all conditions precedent to the plaintiff's right of recovery against the Estate of Victor J. Janak, N.C.M., had been performed and that the plaintiff is entitled to judgment against that estate in a certain (stated) amount. The judgment then provided that it was ordered, adjudged and decreed that the plaintiff's claim against the Estate of Victor J. Janak, N.C.M. had been and was thereby established. While these provisions of the judgment might be more clear-

ly drawn, it is a judgment against Evelyn D. Janak in her capacity as guardian, establishing the claim against the Estate of Victor J. Janak, N.C.M.

■ Appellant's second point of error is that the trial court erred in allowing the letter of guaranty to be introduced in evidence although a proper predicate had not been laid.

Mr. Pete Williams, president of Security Lumber, testified that at the time of the transactions in question, Security Lumber required Mr. Janak's personal guaranty before selling materials to Rapid Builders. Mr. Janak agreed to this arrangement, and a guaranty agreement bearing Mr. Janak's signature was returned to Mr. Williams, but Mr. Williams did not see Mr. Janak sign it.

Mr. Williams testified that he had been dealing with Mr. Janak over a period of time and had received many checks and other instruments bearing Mr. Janak's signature. He said he was familiar with Mr. Janak's signature and that the signature on the guaranty agreement was Mr. Janak's.

"Any person familiar with the handwriting of another may testify as to the genuineness of a disputed writing claimed to be that of such other person. The witness need not be an expert but his knowledge of the handwriting of the person in question must be shown before his testimony can be received. This may be done by showing that he has . . . frequently inspected or referred to papers containing his handwriting." 2 McCormick & Ray, Texas Law of Evidence 287, § 1433 ( 1956). Also Knox v. Campbell, 191 S.W.2d 817, 818 (Tex. Civ.App. 1945, no writ).

Further, the appellee failed to file, under the provisions of Rule 93(h), Texas Rules of Civil Procedure, a sworn denial of the execution of the guaranty agreement, so the appellee was entitled to have it received in evidence as fully proved.

■■ The appellant's last point of error is that the trial court erred in awarding an attorney's fee against the guarantor because the guaranty agreement does not expressly provide that he will be liable for such fee.

It is well settled that signers of guaranty agreements are not liable for attorney's fees incurred in suits to enforce such guaranty agreements in the absence of an express provision for such liability. Blume v. National Homes Corp., 441 S.W.2d 176 (Tex.1969); Miller v. Bush, 42 S.W.2d 156 (Tex.Civ.App.1931, writ ref.).

After first stating that Victor J. Janak guaranteed the payment of such sums as were then due or would thereafter become due to Security Lumber from Rapid Builders for materials sold to Rapid Builders, the agreement contained this provision:

"It is further agreed and understood that our liability for the payment of said account shall be the same as if the materials and supplies had been sold to us personally, and you will not be required to procure judgment against said company before making demand upon us for payment."

We sustain the appellant's third point.

The guaranty agreement in our case does not expressly provide for liability in suits to enforce it. It appears that the purpose of the quoted sentence is to provide that Security Lumber may demand payment from Janak before securing a judgment against Rapid Builders.

The guaranty agreement in our case did not provide, as did the one in Davis Bumper to Bumper, Inc. v. American Petrofina Co., 420 S.W.2d 145 (Tex.Civ.App.1967, writ ref. n.r.e.),

" * * * that jointly with the principal and severally I shall be liable and responsible for and shall pay to you all sums that may be due or become due by the principal promptly upon demand, re-

gardless of the sum of the indebtedness, whether the same is represented by open account, notes or otherwise, or whether due at maturity or upon extension or renewal thereof, and that the terms agreed upon by you and the principal shall be fully binding upon me without notice."

Accordingly, we reform the judgment of the trial court to exclude the attorney's fee in the amount of $5,853.00. As reformed, the judgment is affirmed.