**SARNY HOLDINGS, LTD., Appellant,**

v.

**James LETSOS, III, Greg Letsos, Mark Letsos, Karen Letsos Case, Vincent Rinando, and John Rinando, Appellees.**

No. 01–93–01151–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 17, 1995.

Published in Part Pursuant to Tex.R.App.P. 90.

Rehearing Overruled March 20, 1995.

Eugene J. Pitman, Houston, for appellant.

Douglas R. Drucker, Houston, for appellees.

Before OLIVER–PARROTT, C.J., and COHEN, MIRABAL, HUTSON–DUNN, O'CONNOR, WILSON, HEDGES, ANDELL and DUGGAN,[1] JJ.

**OPINION**

MIRABAL, Justice.

The main issue in this case is whether an abstract of judgment, recorded in the judgment records, was sufficient to perfect a lien on the property of the judgment debtor. We hold the abstract of judgment was properly worded and indexed.

Before an opinion issued in this case, a majority of the justices of this Court voted to consider the case en banc. TEX.R.APP.P. 79(d), (e). We affirm.

Appellant Sarny Holdings, Ltd. brought suit as plaintiff to remove a cloud from its title to land, and for declaratory judgment that the defendants have no right, title, or interest in the land. Both sides filed motions for summary judgment. The trial court overruled plaintiff's motion, and granted summary judgment in favor of the defendants, James Letsos, III, Greg Letsos, Mark Letsos, Karen Letsos Case, Vincent Rinando, and John Rinando (the heirs).

---

1. Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted prior to that date.

The uncontroverted summary judgment evidence shows that, on September 23, 1973, a money judgment was entered in favor of the Estate of Lena Maida against S.J. Maida. The judgment was abstracted, and the abstract of judgment was recorded in the Harris County judgment records. Subsequent abstracts of this judgment were recorded in the Harris County judgment records on February 8, 1982, and May 14, 1992. The defendants in the present case are heirs of Lena Maida.

Plaintiff in the present case acquired title through a chain of conveyances that originated with S.J. Maida, the judgment debtor. It is uncontroverted that, if the abstract of judgment was properly worded, filed and indexed, plaintiff acquired its title *subject to* the heirs' judgment lien.

In points of error one and two, plaintiff asserts that no judgment lien attached to the involved property because the abstract of judgment was not properly indexed.

The abstract of judgment, recorded in the Harris County judgment records on May 14, 1992, reads in part:

ABSTRACT OF JUDGMENT
CAUSE NO. 927,610

IN THE DISTRICT COURT
OF HARRIS COUNTY, TEXAS
165TH JUDICIAL DISTRICT
ANTOINETTE MAIDA LETSOS,
GUARDIAN OF THE ESTATE OF
LENA MAIDA, A PERSON OF
UNSOUND MIND

VS.

S.J. MAIDA

2. Prior abstracts of judgment, filed in the judgment records on January 3, 1974, and February 8, 1982, respectively, also listed *"The Estate of Lena Maida, a person of unsound mind,"* as the *plaintiff in judgment,* and S.J. Maida, as the "defendant in judgment." The previously filed abstracts of judgment both state the style of the case in the 165th District Court as: "Antoinette Maida Letsos, et al. v. S.J. Maida."

3. It is also our opinion that the district clerk properly prepared the abstract of judgment. Although the style of the lawsuit and judgment was

I ..., DISTRICT CLERK of Harris County, Texas do hereby certify that the following and foregoing is a true and correct Abstract of Judgment rendered in the 165TH DISTRICT COURT on the 23rd day of August, 1973 in Cause No. 927,610 *in favor of the Estate of Lena Maida, a person of unsound mind,* Plaintiff, Judgment Creditor, in Judgment vs. S.J. Maida, 8803 Memorial, Houston, Texas 77024, Judgment debtor in said Judgment.[2]

(Emphasis added.)

■ Plaintiff argues that the abstract of judgment should have been indexed under the name *Antoinette Maida Letsos, Guardian,* as the *Plaintiff in Judgment.* We disagree. The county clerk in charge of indexing abstracts of judgment followed the law exactly when the abstract was indexed.[3]

■ The Texas Property Code specifically directs the county clerk, at the same time an abstract of judgment is recorded, to enter the abstract on the alphabetical index to the judgment records, showing:

(1) the name of each plaintiff in the judgment; and

(2) the name of each defendant in the judgment.

Tex.Prop.Code Ann. § 52.004(b)(1), (2) (Vernon 1984). In the present case, the county clerk accurately indexed the abstract of judgment, showing the name of the *plaintiff in the judgment* as the party who was specifically awarded the judgment: *the Estate of Lena Maida, a person of unsound mind.*[4]

"Antoinette Maida Letsos, Guardian of the Estate of Lena Maida, a person of unsound mind v. S.J. Maida," the *judgment* specifically states:

It is accordingly, ORDERED, ADJUDGED AND DECREED that the *Estate of Lena Maida, a person of unsound mind,* do have of and recover from the Defendant S.J. Maida, the sum of $94,-500.15.... (Emphasis added.)

4. We note that, although an estate of a deceased or incompetent person is not a legal entity and cannot sue as such, when the estate's personal representative appears in or participates in the

Further, it is uncontested that the *defendant in judgment* was properly listed in the abstract of judgment, and the abstract was properly indexed under his name. As a practical matter, purchasers of real estate search the judgment records to determine whether there are any judgments against the seller that would affect title to the property. In the present case, because the abstract of judgment was properly indexed under the name of the judgment debtor, S.J. Maida, appellees had notice that the involved real estate was encumbered by a judgment lien as a result of a judgment in a case styled "Antoinette Maida Letsos, Guardian of the Estate of Lena Maida, a person of unsound mind v. S.J. Maida".

We overrule points of error one and two.

The discussion of the remaining points of error does not meet the criteria for publication, TEX.R.APP.P. 90, and is thus ordered not published. We affirm.

| | |
|---|---|
| Principal: | $94,500.15 |
| + Prejudgment interest (30,700—2,538.67): | 28,161.33 |
| + Postjudgment interest specified in abstract: | 160,266.00 |
| + Costs | 66.00 |
| Balance due as of May 13, 1992: | $282,993.48 |

HUTSON–DUNN, J., dissents.

OLIVER–PARROTT, C.J., joins the dissent.

HUTSON–DUNN, Justice, dissenting.

I dissent.

I agree with the majority that plaintiff's points of error three and four should be overruled. However, I disagree with the majority's rulings on the first two points of error.

In points of error one and two, plaintiff argues that the trial court erred in granting summary judgment to the heirs because plaintiff holds superior title to the property. Plaintiff argues that no lien attached as to the property because the abstract of judgment was not indexed according to the Texas Property Code, which prescribes the manner in which an abstract of judgment must be indexed:

> (b) At the same time an abstract of judgment is recorded, the county clerk shall enter the abstract on the alphabetical index to the judgment records, showing:
>
> (1) the name of each plaintiff in the judgment;
>
> (2) the name of each defendant in the judgment; . . . .

Tex.Prop.Code Ann. § 52.004(b)(1), (2) (Vernon 1984).

Under Texas law, a judgment lien is created by complying with the applicable statutory mechanisms. *Citicorp Real Estate, Inc. v. Banque Arabe Int'l D'Investissement,* 747 S.W.2d 926, 929 (Tex.App.—Dallas 1988, writ denied); Tex.Prop.Code Ann. §§ 52.001–.007 (Vernon 1984 and Supp.1994). Since a judgment lien is created by statute, it is not established until the conditions to the lien fixed by the statute are satisfied. *Nye v. Moody,* 70 Tex. 434, 8 S.W. 606, 607 (1888).

Section 52.004(b)(1) requires the abstract to be indexed under the "plaintiff's" name. In this case, the abstract of judgment was indexed under "Maida, Estate of Lena" rather than "Letsos, Antoinette Maida, Guardian of the Estate of Lena Maida, a person of unsound mind." An estate is not a legal entity and cannot be a party to a lawsuit, *Henson v. Estate of Bruce L. Crow,* 734 S.W.2d 648, 649 (Tex.1987); *Bernstein v. Portland Sav. & Loan Ass'n,* 850 S.W.2d 694, 699 (Tex.App.—Corpus Christi 1993, no writ); *Janak v. Security Lumber Co.,* 513 S.W.2d 300, 301 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ), and therefore cannot be a plaintiff. A suit in behalf of an estate must be brought by the estate's personal representative. *See Henson,* 734 S.W.2d at 649; *Price v. Estate of Welton Terry Anderson,* 522 S.W.2d 690, 691 (Tex.1975). It is the personal representative who is the "plaintiff."

suit, the judgment in favor of the estate is not a nullity. *See Dueitt v. Dueitt,* 802 S.W.2d 859, 861 (Tex.App.—Houston [1st Dist.] 1991, no writ). In the present case, the personal representative of the estate was the named plaintiff in the style of the pleadings, and was listed in the style appearing on the three recorded abstracts of judgment. Because the personal representative appeared in and participated in the suit, the judgment is clearly valid.

Therefore, Antoinette Maida Letsos was the "plaintiff" in the underlying suit.

Because Antoinette Maida Letsos, as personal representative of the estate, was the "plaintiff," the abstract should have been indexed under her name. Here it was indexed under the name of the estate. This is not a minor deviation. The index, when considered as a whole, should somewhere show the correct name of *both* the plaintiff and the defendant, in order that even a substantial compliance with the statute be shown. *McLarry v. Studebaker Bros. Co. of Texas*, 146 S.W. 676, 678 (Tex.Civ.App.—Amarillo 1912, writ ref'd) (emphasis added).

The heirs argue that *Bernstein* stands for the proposition that as long as the personal representative of the estate appears and participates in the case, a judgment that names only the estate is valid. However, even though the judgment in this case is valid, I would hold that the abstract was improperly indexed.

The heirs cite *Womack v. Paris Grocer Co.*, 166 S.W.2d 366 (Tex.Civ.App.—Galveston 1943), *writ ref'd per curiam*, 140 Tex. 423, 168 S.W.2d 645 (1943), to support their contention that the judgment need only be indexed according to who recovered on the judgment; here, the Estate of Lena Maida. In *Womack*, the court held that an abstract of judgment is properly indexed although it does not contain the names of all defendants, as the defendants listed in the index were the defendants against whom the plaintiff recovered. *Womack* is not inconsistent with my position. Here, it was necessary to index under "Letsos, Antoinette Maida, Guardian of the Estate of Lena Maida," the plaintiff, because the "Estate of Lena Maida" is not a legal entity and cannot be a party to a lawsuit. *Henson*, 734 S.W.2d at 649; *Bernstein*, 850 S.W.2d at 699; *Janak*, 513 S.W.2d at 301. I would hold that the abstract of judgment was not indexed in compliance with the Texas Property Code and therefore a valid lien was not created. *Citicorp Real Estate, Inc.*, 747 S.W.2d at 929–30; *Reynolds v. Kessler*, 669 S.W.2d 801, 805 (Tex.App.—El Paso 1984, no writ).

I would sustain points of error one and two. Accordingly, I would reverse the judgment of the trial court.

OLIVER–PARROTT, C.J., joins this dissent.