**WOMACK et ux. v. PARIS GROCER CO.**

No. 11451.

Court of Civil Appeals of Texas. Galveston.

Nov. 12, 1942.

Rehearing Denied Dec. 3, 1942.

Writ of Error Refused Feb. 3, 1943.

Moore & Moore, of Paris, for appellants.

Long & Wortham and O. B. Fisher, all of Paris, J. E. Brown, of Brady, for appellee.

MONTEITH, Chief Justice.

This action was brought by S. W. Hughes, to establish, as against appellants, H. M. Womack and his wife, Lois Womack, an alleged judgment lien against certain land in Lamar County, Texas. Appellee, Paris Grocer Company, intervened in said action and also sought to establish, as against both appellants, its lien against the same tract of land, the title to which stood, at the time of the filing of the suit, in the name of appellant, Lois Womack.

Upon a trial before the court, judgment was rendered in favor of appellee, Paris Grocer Company, foreclosing its alleged judgment lien as against appellants, H. M. Womack and Lois Womack, against the land in question, and adjudging that S. W. Hughes take nothing by his suit. S. W. Hughes gave notice of appeal but failed to perfect his appeal. At the request of appellant, the trial court prepared and caused to be filed his findings of fact and conclusions of law.

The record shows that in November, 1931, appellee, Paris Grocer Company, filed suit in the district court of Lamar County against H. M. Womack, Sam B. Womack, and C. L. Killingsworth, Receiver of the American National Bank of Paris, Texas, in cause No. 14,238 and styled Paris Grocer Company v. H. M. Womack et al. It sought recovery of a money judgment against the first two named defendants and a foreclosure of a chattel mortgage lien against all the defendants.

On January 2, 1932, judgment was rendered in said cause in favor of appellee and against H. M. Womack and Sam B. Womack, "jointly and severally" for the sum of $3,497.08, with interest. Judgment was rendered in favor of C. L. Killingsworth, as such receiver, on his cross-action against H. M. Womack, for a money judgment with a foreclosure of his mortgage lien on the chattels described in plaintiff's petition. Said judgment recited that appellee's cause of action on its alleged mortgage had been discontinued and that all defendants therein were dismissed as to any foreclosure thereunder.

On application of appellee an abstract of said judgment was duly issued and was filed for record in the judgment records of Lamar County on February 2, 1932. The trial court found: "That said abstract of judgment was entered upon the direct alphabetical index to the judgment record and upon the reverse or indirect alphabetical index to the judgment record; that it was entered and indexed under the letter 'P' in such index, showing under said letter 'P' in the column for the name of plaintiffs, 'Paris Grocer Company' as plaintiff in said judgment, and opposite and to the right in the column for the names of defendants, 'Womack, H. M. et al.'; that in the reverse index, under the letter 'W', said abstract of judgment was and is entered and showing in the column for the names of defendants, 'Womack, H. M., et al', and opposite to and to the right of in the column for names of plaintiffs, 'Paris Grocer Company'. That on the line next below in said index, immediately below the line showing as last above recited, the clerk under the letter 'W' in said index entered said abstract of judgment showing in the column designated Name of Defendants, 'Womack, Sam B.' as a defendant in said abstract of judgment, and in the right and opposite in the column for the name of plaintiffs, 'Paris Grocer Company' as plaintiff; and that in each instance said index shows the correct number of page and book upon which the abstract of judgment is recorded." The court further found that said suit wherein appellee recovered said judgment was instituted by appellee as plaintiff against H. W. Womack and Sam B. Womack as defendants to recover its debt and to foreclose a chattel mortgage lien upon certain mortgaged property, and in said suit appellee impleaded C. L. Killingsworth, receiver of the American National Bank of Paris, in order that the rights of appellee and the receiver in and to the mortgaged property could be determined, but that appellee, upon the call of said suit for trial, dismissed its action in so far as it sought to foreclose the mortgage and proceeded only for the recovery of its debt against H. M. Womack and Sam B. Womack. The court further found that upon the trial of said cause plaintiff, Paris Grocer Company, did not recover any judgment against the impleaded receiver, either for a foreclosure of lien upon such personal property or for costs of suit, and that the only judgment recovered in said cause by Paris Grocer Company was the judgment hereinbefore referred to, being a judgment in its favor against H. M. Womack, and Sam B. Womack, jointly and severally, for $3,497.08, with interest. The court also found that the

368

defendant, H. M. Womack, subsequent to the creation of the judgment lien, acquired the land upon which foreclosure was sought by deed dated June 6, 1930, and that on February 3, 1940, said defendant made a deed of gift to the land to his wife, defendant, Lois Womack; that at the date of said deed H. M. Womack was insolvent and two days thereafter, he filed his voluntary petition in bankruptcy and was adjudged a bankrupt.

The controlling question presented in this appeal is whether the judgment lien in question ever in fact came into existence, by reason of the failure of the index of said abstract of judgment record to list the names of all defendants at the place where plaintiff's name is shown in the index, and its failure to carry in the abstract of judgment record and the index thereto, the name of C. L. Killingsworth, Receiver of the American National Bank of Paris, Texas.

The parts of Article 5447, R.C.S.1925, material to this appeal provide that the clerk of a court in which a judgment has been rendered shall make out, certify, and deliver to an applicant therefor, an abstract of such judgment showing, among other facts not here material, the names of the plaintiff and of the defendant in such judgment.

Article 5448, R.C.S.1925, provides that each clerk shall keep a judgment record and that he shall immediately file and record therein all properly authenticated abstracts of judgment when presented to him for record, and that when he has filed and recorded the abstract of a judgment "he shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded * * *."

The material parts of Article 5449, R.C.S.1925 Vernon's Ann.Civ.St. art. 5449, read: "When any judgment has been so recorded and indexed, * * * it shall, from the date of such record and index, * * * operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire, situated in said county. * * *"

It will be noted that said Article 5447 does not require that an abstract of judgment shall show the names of the

parties to the suit or the names of the defendants in such suit. The only requirement of the statute in that respect is that it shall show the names of the plaintiff and of the defendant in such judgment. (Emphasis ours.) The requirements of the statute in this particular are met when the abstract shows the names of the plaintiffs and defendants in such judgment. In the instant case the only defendants against whom Paris Grocer Company recovered judgment were H. M. Womack and Sam B. Womack. Both of their names are shown in the abstract of judgment in literal compliance with the requirement of the statute.

Said Article 5448, relating to indexing an abstract of judgment, requires the clerk to enter the abstract of judgment "upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment." In the instant case the only plaintiff in the judgment is Paris Grocer Company. Its name is properly indexed under the letter "P" as the plaintiff in the judgment, in strict compliance with the statute. The only defendants in the judgment are H. M. Womack and Sam B. Womack, and the abstract of judgment is properly indexed in both of their names, in literal compliance with the statute.

The object of said Article 5448 in requiring that the names of the plaintiff and the defendant in the judgment be indexed in their alphabetical order is that persons searching the record for the purpose of determining the existence of judgment liens may have the means of ascertaining, with promptness and certainty, whether or not such liens exist, without having to search the entire records.

It is the settled law in this State that, since a judgment lien is purely statutory, the statute must be substantially complied with before the lien will attach. Askey v. Power, Com.App., 36 S.W.2d 446, and cases there cited.

In the instant case, the appellee's judgment being properly indexed under the letter "P" and there showing that appellee, as plaintiff, recovered a judgment against H. M. Womack as defendant, and being properly indexed under the letter "W" as to both H. M. Womack and Sam B. Womack, and there showing that the plaintiff, Paris Grocer Company, recovered the judgment against them, was, we think, not only a substantial but a strict com-

pliance with the statute. Such a record and indexing of said abstract of judgment, we think, created a valid lien against the property of H. M. Womack, upon which the trial court foreclosed the judgment lien in this cause.

The identical question involved in this appeal has been decided by the Beaumont Court of Civil Appeals contrary to appellants' contentions in the case of Texas Building & Mortgage Co. v. Morris et al., 123 S.W.2d 365, 371. In that case the plaintiff in the judgment rendered was the Guaranty State Bank of Tomball, Texas. The defendants were A. W. Morris and J. H. Ramsey. It was contended by appellants therein that no lien was created by the recording of an abstract of said judgment in Montgomery County, Texas, and the indexing thereof, for the reason that the correct name of plaintiff in the judgment was not shown and for the reason that it was not correctly indexed under the name of each plaintiff and each defendant in judgment. In the direct index of the abstract of the judgment the plaintiff's name was entered as Guaranty Bond State Bank of Tomball, and in the reverse index of said abstract of judgment the name of "Morris, A. W.", appeared under the letter "M" and the name of "Ramsey, J. H.", appeared under the letter "R". The index did not reflect that the judgment was against Morris et al., or Morris and Ramsey. The judgment itself recited "It is therefore ordered, adjudged, and decreed by the court that the plaintiff, Guaranty Bond State Bank, have and recover of and from the defendants, A. W. Morris and J. H. Ramsey, * * *." The court in its opinion said:

"Appellant has cited no authority in support of its contention that the index was fatally defective because the name of defendant Ramsey was not shown with the name of defendant Morris, under the letter 'M,' or vice versa. The statute does not make the requirement; Art. No. 5448 provides that at the time the abstract is recorded the clerk shall, 'enter it upon the alphabetical index to such judgment, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded.' Willis v. Downes, Tex.Civ.App., 46 S.W. 920, supports this construction of the statute.

"It is our conclusion that the Bank's abstract of its Harris County judgment was lawfully recorded in Montgomery County, and created a lien in its favor against all the real estate owned by Judge Morris in Montgomery County not exempt from execution."

In construing said Article 5448, our courts have uniformly held that the object of the statute is not to encumber the registry with full information of the abstract lien, since that may be obtained from the judgment lien itself after it has been located by consulting the index, and that the index is designed merely to indicate the source from which the full information may be obtained. Carver v. Gray, 140 S.W. 2d 227 (writ dismissed, judgment correct).

Appellants' contention that this cause should be reversed and rendered in their favor because said abstract of judgment did not show the name of C. L. Killingsworth, Receiver of the American National Bank of Paris, Texas, and because the abstract of judgment relied upon by appellee to fix the judgment lien in this case was not indexed in the name of C. L. Killingsworth as such receiver, cannot be sustained.

The record shows that Paris Grocer Company interpleaded the receiver of said bank for the reason that it had a chattel mortgage lien against certain property of H. M. Womack and Sam B. Womack, and that the receiver claimed a lien on said property. Paris Grocer Company dismissed that part of its suit. The judgment recites the dismissal of said suit as to all defendants, including C. L. Killingsworth, as such receiver, as to the foreclosure of said mortgage. When the receiver was thus dismissed he was no longer a party to the plaintiff's suit and that part of its cause of action was discontinued and dismissed and passed out of the case. C. L. Killingsworth was therefore not a party to the judgment thereafter rendered between the parties who continued through the litigation. It follows that, since he was not a party to said judgment, it was not necessary that he be shown as a party defendant in said abstract of judgment and that it was not necessary that his name be shown as a defendant in said judgment upon the alphabetical indexes of the abstract of judgment records.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.

Affirmed.