**In re Verna Kay HERMAN, Debtor.**

**Verna Kay Herman, Plaintiff**

**v.**

**Gary Dean Jackson, Gloria A. Jackson, and Jackson Law Offices, P.C., Defendants.**

**Bankruptcy No. 02–64085.**

**Adversary No. 03–6011.**

United States Bankruptcy Court, E.D. Texas, Tyler Division.

March 31, 2004.

See also 315 B.R. 381, 2004 WL 2251865.

Donald W. Cothern, Tyler, TX, for Plaintiff, Verna Kay Herman.

Gary D. Jackson, Jackson Law Offices, P.C., Lindale, TX, for Defendants, Gary Dean Jackson, Gloria A. Jackson & Jackson Law Offices, P.C.

## MEMORANDUM OF DECISION

BILL G. PARKER, Chief Judge.

Now before the Court in the above-referenced adversary proceeding is the Defendants' Second Motion for Summary Judgment (the "Defendants' Motion") filed by Gary Dean Jackson, Gloria A. Jackson, and the Jackson Law Offices, P.C. (collectively, "Defendants") on November 17, 2003. The Court, after reviewing the pleadings and considering the summary judgment evidence presented, finds that the Defendants' Motion should be granted and that judgment should be rendered for

the Defendants in this adversary proceeding.[1]

## Factual Background

Prior to the current bankruptcy proceeding, the Defendants and the Debtor, Verna Kay Herman f/k/a Verna Kay Chappell ("Debtor"), were embroiled in state court litigation in the 3rd Judicial District Court of Anderson County, Texas, regarding the nonpayment of attorney's fees by the Debtor to Defendant Gary Jackson based upon his previous representation of the Debtor during a divorce proceeding. The Defendants were the plaintiffs in this state court proceeding, and the Debtor, along with Catherine Kennington and R.A. Moreau, were the defendants.[2] After a trial on the merits, the state court entered a judgment dated March 30, 1998, and subsequently issued an "Amended Judgment" on June 2, 1998.[3] This Amended Judgment provided as follows:

f. That Plaintiffs JACKSON LAW OFFICES, P.C., GARY DEAN JACKSON and GLORIA ANN JACKSON recover of and from Defendant VERNA KAY CHAPPELL a net sum of Thirty–Eight Thousand Dollars ($38,000.00);

g. That Plaintiffs JACKSON LAW OFFICES, P.C., GARY DEAN JACKSON and GLORIA ANN JACKSON take nothing as against Defendants R.A. MOREAU and CATHERINE KENNINGTON;

h. That R.A. MOREAU and VERNA KAY CHAPPELL take nothing as against JACKSON LAW OFFICES, P.C., GARY DEAN JACKSON and GLORIA ANN JACKSON;

i. Pre-judgment interest in the sum of Five Thousand Nine Hundred and Six dollars and Six Cents ($5,906.06) was awarded to Plaintiffs;

j. Post-judgment interest at the legal rate was awarded to Plaintiffs;

k. Costs were taxed to the party incurring same; and

l. All relief not awarded was denied.[4]

After the entry of the judgment, the Defendants prepared three identical abstracts of judgment. One abstract was filed in the deed records of Smith County, Texas, on July 9, 1998,[5] and the other two were filed on July 14, 1998, in the deed records of Anderson County, Texas, and Henderson County, Texas, respectively.[6] The abstracts of judgment properly identified the state court plaintiffs as the Jackson Law Offices, P.C., Gary Dean Jackson, and Gloria Ann Jackson. However, the only state court defendant identified in the abstracts of judgment was the Debtor un-

---

1. This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. § 157(b)(2)(A), (F), and (K).

2. In addition, the Defendants were also counter/cross-defendants, and the Debtor and R.A. Moreau were counter/cross-plaintiffs.

3. *See* Defendants' Motion, Ex. 1.

4. *Id.*

5. This abstract of judgment was filed as Document No. 98–R0026844 and recorded in Vol-

ume 4394, Pages 345–346, Deed Records of Smith County, Texas. *See* Defendants' Motion, Ex. 2.

6. The abstract of judgment filed in Anderson County, Texas, was filed as Document No. 0097248 and recorded in Volume 1558, Pages 683–684, Deed Records of Anderson County, Texas. *See* Defendants' Motion, Ex. 3. Because the Debtor never owned or acquired any real property in Henderson County, the Henderson County abstract is not attached as an exhibit to this motion and merits no further discussion.

der the name "Verna Kay Chappell." R.A. Moreau and Catherine Kennington were not listed as defendants in either of the abstracts.

The case was subsequently appealed to the Texas Court of Appeals for the Twelfth District located in Tyler. Through its mandate entered on March 9, 2001, the Court of Appeals reversed and remanded the trial court's denial of the Jacksons' attorney's fees claim in their breach of contract action, modified the judgment "to award $5,000.00 to Gary Jackson and Gloria Jackson, against Verna Chappell, R.A. Moreau and Catherine Kennington, jointly and severally, for damages caused by their fraudulent transfers," ordered that the costs of court incurred in both the trial and appellate courts be assessed two-thirds against the Debtor and one-third against the Defendants, and otherwise affirmed, as modified, the trial court's judgment upon which the original abstracts were drawn.[7] This modified judgment, for the first time, imposed a joint and several judgment in favor of the current Defendants against R.A. Moreau and Catherine Kennington, as well as upon the Debtor.

On October 11, 2002, the state court plaintiffs (Defendants herein) filed a non-suit as to the sole remaining issue of attorney's fees, thereby effectively concluding the state court litigation pending before the 3rd Judicial District Court of Anderson County.[8] On that same date, the Defendants prepared and filed their Amended Abstract of Judgment which included the names of the state court defendants R.A. Moreau and Catherine Kennington, as well as the $5,000.00 judgment entered against them. In addition, a Second Amended Abstract of Judgment was filed on November 6, 2002, also including the names of R.A. Moreau and Catherine Kennington. On November 12, 2002, the District Clerk of Anderson County, Texas, issued two identical writs of execution on this state court judgment.[9] Both writs were delivered to Dennis Taylor, Constable of Precinct No. 5 in Smith County, Texas, on that same date, directing him to satisfy the amount of $81,349.73 from the property of the Defendant–Debtor,[10] and to satisfy the amount of $7,646.50 from the property of either R.A. Moreau or the estate of Catherine Kennington.[11] R.A. Moreau thereafter satisfied the joint and several obligation owed by he, Catherine Kennington, and the Debtor by paying to the Defendants the sum of $7,646.50.

Constable Dennis Taylor served the other writ of execution on the Debtor on November 12, 2002, and thereby seized four tracts of real property to be sold in partial satisfaction of the indebtedness owed by the Debtor under the state court judgment. The public sale of the four tracts was set to occur on January 7, 2003. Prior to the sale date, however, the Debtor filed a voluntary Chapter 13 petition on December 3, 2002.[12] The Defendants re-

---

7. *See* Defendants' Motion, Ex. 4.

8. *See* Defendants' Motion, Ex. 5.

9. *See* Defendants' Motion, Ex. 6 and 8.

10. As admitted by the Defendants in their Motion for Summary Judgment, the $81,349.73 owed by the Debtor to the Defendants included the $5,000.00 joint and several obligation shared between the Debtor and the other two state court defendants. When R.A. Moreau satisfied his obligation by paying the

$7,646.50 to the Defendants on November 13, 2002, the amount owed by the Debtor decreased as if she had actually paid this amount.

11. One of the state court defendants, Catherine Kennington, was deceased at the time of the issuance of the writs of execution.

12. Through the invocation of the automatic stay pursuant to 11 U.S.C. § 362, the sheriff was prevented from conducting the public sale scheduled for January 7, 2003.

sponded by filing a Motion for Relief from Stay on December 6, 2002, which the Court granted on February 12, 2003.[13] The lifting of the automatic stay allowed Constable Taylor to reconvene the public sale of the four tracts of land previously levied upon. On Tuesday, April 1, 2003, Constable Taylor sold the four tracts of land for the following amounts:

Tract One: $8,000.00

Tract Two: $11,600.00

Tract Three: $10,000.00

Tract Four: $400.00

Defendant Gary Dean Jackson was the high bidder for each of the four tracts. After reducing the amount of the judgment lien in favor of the Defendants by the amount of each purchase price, it is uncontested that there remains a judgment obligation owing from the Debtor to the Defendants in the amount of $47,799.44.

After the filing of her petition for relief under Chapter 13 of the Bankruptcy Code, the Debtor filed this adversary proceeding to determine the validity, priority, or extent of the lien allegedly held by the Defendants in her four tracts of land. In this adversary complaint, the Debtor argues that the July 1998 abstracts of judgment are invalid and do not satisfy the requirements imposed by § 52.001— § 52.043 of the Texas Property Code. Furthermore, the Debtor asserts that the Amended Abstract filed by the Defendants in October 2002, as well as the Second Amended Abstract filed in November 2002, fall within the ninety-day preference period and are therefore avoidable pursuant to 11 U.S.C. § 547.

The Defendants answered the Debtor's Complaint objecting to the relief sought therein, and subsequently filed their Second Motion for Summary Judgment, requesting the Court to find that the abstracts of judgment filed by the Defendants in July 1998 satisfy the requirements set forth in TEX. PROP.CODE ANN. § 52.001— § 52.043 (Vernon 1995), and that their original judgment liens are therefore valid. In addition, the Defendants assert that the validity of the July 1998 abstracts preclude the Debtor from succeeding on her preference cause of action because the 1998 abstracts were issued more than 90 days before the Debtor's December 3, 2002, bankruptcy petition. The Defendants' Motion also attempts to nullify one of the mandatory elements of the Debtor's § 547 preference action by asking the Court to find as a matter of law that the Debtor was not insolvent on the November 12, 2002, date upon which the Defendants abstracted their lien upon her interest in the four tracts of land, nor has she been insolvent at any time since that date including the April 1, 2003, date upon which the four tracts of land were sold to the Defendants via the public sale.[14] Finally, the Defendants ask the Court for an order nullifying the Notices of Lis Pendens filed by the Debtor against the four tracts purchased by the Defendants at the April 1, 2003, sale.

### Discussion

The Defendants bring their Second Motion for Summary Judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule

---

13. This relief was granted following an evidentiary hearing in which the Debtor failed to demonstrate in any way that the interests of the Defendants as secured parties were even being addressed, much less adequately protected.

14. Actually, the Defendants ask the Court to find that the Debtor has not been insolvent at any time since March 30, 1998, the date that the 3rd Judicial District Court of Anderson County, Texas, entered its Amended Judgment.

incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). "The inquiry to be performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553. "If a moving party fails to carry its initial burden of production, the non-moving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion." *Hunter v. Caliber System, Inc.,* 220 F.3d 702, 726 (6th Cir.2000) (*citing Nissan Fire & Marine Ins. Co. v. Fritz Cos.,* 210 F.3d 1099, 1102–03 (9th Cir.2000)). As more particularly described by Judge William Wayne Justice in *Marshall Independent*

*School Dist. v. U.S. Gypsum Co.,* 790 F.Supp. 1291 (E.D.Tex.1992):

> Even where the non-moving party has the burden of persuasion on an issue, the summary judgment movant still has the initial burden of showing the absence of a genuine issue of material fact. It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the plaintiff has no evidence to prove its case. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record. If the moving party has not fully discharged this initial burden of production, its motion for summary judgment must be denied, and the court need not consider either any evidence submitted by the non-moving party or whether the moving party has met its ultimate burden of persuasion that summary judgment should be granted in its favor.

*Id.* at 1299–1300.

The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. If, as in this case, the burden of persuasion at trial must be borne by the non-moving party, the party moving for summary judgment may satisfy the burden of production under Rule 56 by either submitting affirmative evidence that negates an essential element of the non-moving party's claim, or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *See* 10A WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 2727 at pp. 471–472 (1998); *see also Brewer v. Quaker State Oil Refining Corp.,* 72 F.3d 326, 329–30 (3d Cir.1995); *Cannon v. Cherry Hill Toy-*

*ota, Inc.,* 161 F.Supp.2d 362, 366 (D.N.J. 2001).

Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson,* 477 U.S. at 248–49, 106 S.Ct. at 2510 (*citing* FED.R.CIV.P. 56(e)). The substantive law will identify which facts are material. *Id.*

Thus, if a non-movant fails to set forth specific facts that present a triable issue, its claims should not survive summary judgment. *Giles v. General Elec. Co.,* 245 F.3d 474, 494 (5th Cir.2001). As the Supreme Court has stated,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552.

Thus, "in the absence of the necessary minimal showing by the plaintiff that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial." *Robinson v. Cutchin,* 140 F.Supp.2d 488, 491 (D.Md.2001) (*citing Catrett,* 477 U.S. at 323–24, 106 S.Ct. at 2548 and *Anderson,* 477 U.S. at 256–57, 106 S.Ct. at 2505).

To determine whether summary judgment is appropriate, the record presented is reviewed in the light most favorable to the non-moving party. *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). However, if the evidence demonstrating the need for trial "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–250, 106 S.Ct. at 2511. Thus, a non-movant must show more than a "mere disagreement" between the parties, *Calpetco 1981 v. Marshall Exploration, Inc.,* 989 F.2d 1408, 1413 (5th Cir.1993), or that there is merely "some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. However, "[t]he issue of material fact which must be present in order to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson,* 477 U.S. at 248–249, 106 S.Ct. at 2510. Accordingly, the process has been described by the Supreme Court as one which mandates the entry of summary judgment where the evidence is such that it would require a directed verdict for the moving party. "In essence, ... the inquiry ... [is] whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. at 2512; *see also In re Hudsar Inc.,* 199 B.R. 266, 272 (Bankr.D.N.J.1996) ["The evidence which the non-moving party produces to show the existence of a genuine issue must be of sufficient quantum and quality to allow a rational and fair-minded fact finder to return a verdict in favor of the non-movant, bearing in mind the applicable standard of proof that would apply at a trial on the merits."] (*citing Anderson,* 477 U.S. at 249–51, 106 S.Ct. at 2511).

In this case, a review of the Defendants' Second Motion for Summary Judgment, as well as the Debtor's Response in Opposition thereto, reveals that at least as to the issue of the validity of the July 1998 abstracts of judgment, there is no factual dispute in need of resolution. Hence, the entry of summary judgment on this issue is appropriate. *See, e.g., Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. National Cable Advertising, L.P.,* 57 F.3d 1317, 1323 (4th Cir.1995) ["A federal court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly."].

■■■ Under Texas law, the mere rendition of a judgment does not automatically create a lien in favor of the prevailing party. *Burton Lingo Co. v. Warren,* 45 S.W.2d 750, 751–52 (Tex.Civ.App.-Eastland 1931, writ ref'd). Rather, in order to acquire a judgment lien on real property owned by the judgment debtor, the judgment creditor must obtain an abstract of judgment complying with the statutory mechanisms provided under TEX. PROP. CODE ANN. § 52.001—§ 52.043 (Vernon 1984 and Supp.2004). As set forth in TEX. PROP.CODE ANN. § 52.003 (Vernon 1995):

(a) An abstract of a judgment must show:

(1) the names of the plaintiff and defendant;

(2) the birthdate and driver's license number of the defendant, if available to the clerk or justice;

(3) the number of the suit in which the judgment was rendered;

(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(5) the date on which the judgment was rendered;

(6) the amount for which the judgment was rendered and the balance due;

(7) the amount of the balance due, if any, for child support arrearage; and

(8) the rate of interest specified in the judgment.

(b) An abstract of judgment may show a mailing address for each plaintiff or judgment creditor.

In addition, TEX. PROP.CODE ANN. § 52.004 provides guidance on the recording and indexing of an abstract of judgment, stating that:

(a) The county clerk shall immediately record in the county real property records each properly authenticated abstract of judgment that is presented for recording. The clerk shall note in the records the date and hour an abstract of judgment is received.

(b) At the same time an abstract is recorded, the county clerk shall enter the abstract on the alphabetical index to the real property records, showing:

(1) the name of each plaintiff in the judgment;

(2) the name of each defendant in the judgment; and

(3) the volume and page or instrument number in the records in which the abstract is recorded.

"It is well settled in Texas that it is the judgment creditor's responsibility to insure that the clerk abstracts the judgment properly. Moreover, since a judgment lien is statutorily created, substantial compliance with the statutory requirement is mandatory before a judgment creditor's lien will attach." *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement,* 747 S.W.2d 926, 928–30 (Tex. App.-Dallas 1988, writ denied) (*citing Texas American Bank/Fort Worth, N.A. v. Southern Union Exploration Co.,* 714 S.W.2d 105, 107 (Tex.App.-Eastland 1986, writ ref'd n.r.e.) and *Sarny Holdings, Ltd. v. Letsos,* 896 S.W.2d 274, 276 (Tex.App.—Houston [1st Dist.] 1995, writ denied)).

The issue that must be decided in this dispute is whether an abstract of judgment that identifies only one judgment defendant is valid when the judgment issued in the action has been rendered solely against that singular defendant, even though the lawsuit was actually brought against three defendants, and the trial court entered a take-nothing judgment against the other two. In addition, even if such an abstract is initially valid, does a subsequent mandate issued by an appellate court arising from the appeal of the original judgment against only the one defendant render the earlier abstract invalid because the names of the two new "defendants-in-judgment" were not originally included? [15]

■ In support of her argument, the Debtor cites the Court to TEX. PROP.CODE § 52.003(a)(1), which states that an abstract of judgment must contain "the names of the plaintiff and defendant." Based upon this language, the Debtor asserts that the original abstract should have contained not only the name of the Debtor, but also the names of defendants R.A. Moreau and Catherine Kennington, notwithstanding the fact that a take–nothing judgment was entered as to both of them. The Defendants, as the judgment plaintiffs, argue that, in order to be valid, the abstract is not required to include every defendant originally named in the lawsuit, but only those defendants against whom a judgment was rendered and for which a judgment can be properly abstracted. The Defendants cite to TEX. PROP.CODE § 52.004(b)(2), which states that the county clerk, when recording an abstract of judgment, shall enter the abstract on the alphabetical index to the real property records, showing "the name of each *defendant in the judgment.*" (emphasis added). After reviewing the summary judgment evidence and the relevant jurisprudence, including the case law surrounding § 52.003 and its predecessor statute TEX.REV.CIV. STAT. ANN. art. 5447 and the purposes for such statutes, the Court concludes that the Defendants' position is correct.

Prior to the codification of the Texas Property Code (effective January 1, 1984),[16] the validity of an abstract of judg-

---

**15.** The Debtor also raises an issue regarding the failure of the October 2002 Amended Abstract of Judgment, as well as the November 2002 Second Amended Abstract of Judgment, to include the address for judgment defendant Catherine Kennington, as well as an assertion that these 2002 abstracts are avoidable as preferences. The Debtor admits that these issues only become relevant if the Court determines that the July 1998 abstracts were invalid for some reason. *See* Debtor's Response to Defendants' Second Motion For Summary Judgment, ¶ 1. Hence, based on the

Court's ultimate ruling, no discussion is needed regarding the validity of the Amended Abstract or the Second Amended Abstract, nor does the Debtor's preference theory merit discussion.

**16.** *Alkas v. United Sav. Ass'n of Texas, Inc.,* 672 S.W.2d 852, 859 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.) [noting that TEX.REV.CIV. STAT. art. 5447, 5448, and 5449 (Vernon 1958) were repealed by the Texas Property Code, effective January 1, 1984].

ment was governed by Tex.Rev.Civ. Stat. Ann. art. 5447 and 5448.[17] Art. 5447 was the predecessor statute to the current § 52.003, and stated in pertinent part that the abstract must include "[t]he names of the plaintiff and of the defendant *in such judgment.*" (Emphasis added).[18] Interpreting the plain language of this former statute, several cases held that for an abstract of judgment to be valid, it must contain the names of every defendant *in the judgment. See, e.g., Womack v. Paris Grocer Co.,* 166 S.W.2d 366 (Tex.Civ. App.—Galveston 1942, writ ref'd); *Shirey v. Trust Co. of Texas,* 69 S.W.2d 835 (Tex. Civ.App.—Texarkana 1934, writ ref'd) [finding an abstract of judgment invalid because it did not include in the abstract the name of each defendant in the judgment]; *McGlothlin v. Coody,* 59 S.W.2d 819 (Tex.Com.App.1933) [affirming a finding that an abstract of judgment that iden-

tified only one of the two defendants against whom a judgment had been entered was invalid and did not create a judgment lien on the property]. In fact, as stated by the court in *Womack:*

> Article 5447 does not require that an abstract of judgment shall show the names of the *parties to the suit* or the *names of the defendants in such suit.* The only requirement of the statute in that respect is that it shall show the names of the *plaintiff* and of the *defendant in such judgment.*

166 S.W.2d at 368 (emphasis in original).

In *Womack,* one of the cases relied upon by the Defendants, Paris Grocer Co. ("Paris Grocer") filed suit against H.M. Womack, Sam Womack, and C.L. Killingsworth, Receiver of the American National Bank of Paris, Texas ("Killingsworth"), seeking recovery of a money judgment against both Womack defendants and a foreclosure of a

---

**17.** Tex.Rev.Civ. Stat. Ann. art. 5448 was the predecessor statute to Tex. Prop Code Ann. § 52.004. Article 5448, entitled "Recording judgments," in pertinent part provided:

> Each county clerk shall keep a well bound book called the "judgment record," and he shall immediately file and therein record all properly authenticated abstracts of judgment when presented to him for record, noting therein the day and hour of such record. He shall at the same time enter it upon the alphabetical index to such judgment record, showing the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. He shall leave a space at the foot of each such abstract for the entry of credits upon and satisfaction of such judgment, and shall enter the same when properly shown.

*Reynolds v. Kessler,* 669 S.W.2d 801, 803–04 (Tex.App.—El Paso 1984, no writ).

**18.** Article 5447, entitled "Abstract of Judgments," states as follows:

> Each clerk of a court, when the person in whose favor a judgment was rendered, his agent, attorney or assignee, applies therefor, shall make out, certify under his hand

and official seal, and deliver to such applicant upon the payment of the fee allowed by law, an abstract of such judgment showing;

(1) The names of the plaintiff and of the defendant in such judgment;

(2) The birthdate and driver's license number of the defendant, if available to the clerk of the court;

(3) The number of the suit in which the judgment was rendered;

(4) Defendant's address if shown in the suit in which judgment is rendered, and if not, the nature of citation and the date and place citation is served;

(5) The date when such judgment was rendered;

(6) The amount for which the judgment was rendered and balance due thereon; and

(7) The rate of interest specified in the judgment.

Each justice of the peace shall also make and deliver an abstract of any judgment rendered in his court in the manner herein provided, certified under his hand.

*Fred Rizk Const. Co. v. Cousins Mortg. & Equity Investments,* 627 S.W.2d 753, 754–55 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.).

chattel mortgage lien against all three defendants. 166 S.W.2d at 367. A judgment was subsequently entered in favor of Paris Grocer and against the two Womack defendants jointly and severally for the sum of $3,497.08, with interest. In addition, Killingsworth received a judgment in his favor on his cross-action against H.M. Womack for a money judgment and foreclosure. The judgment, however, also recited that at the time the case was called for trial, Paris Grocer had voluntarily dismissed its cause of action against all three defendants for foreclosure of its alleged mortgage. *Id.* Paris Grocer thereafter obtained an abstract of judgment, which was filed for record in Lamar County on February 2, 1932. Although this abstract properly identified both H.M. Womack and Sam Womack and was entered in the judgment index under both of their names, no mention was made of defendant Killingsworth either in the abstract or in the index records. *Id. Despite* the judgment obtained by Killingsworth against H.M. Womack on his cross-appeal, the court held as follows:

> The judgment recites the dismissal of said suit as to all defendants, including C.L. Killingsworth, as such receiver, as to the foreclosure of said mortgage. When the receiver was thus dismissed he was no longer a party to the plaintiff's suit and that part of its cause of action was discontinued and dismissed and passed out of the case. C.L. Killingsworth was therefore not a party to the judgment thereafter rendered between the parties who continued through the litigation. *It follows that, since he was not a party to said judgment, it was not necessary that he be shown as a party defendant in said abstract of judgment* and that it was not necessary that his name be shown as a defendant in said judgment upon the

alphabetical indexes of the abstract of judgment records.

*Id.* at 369 (emphasis added).

Accordingly, pursuant to the language of the former statute, Tex.Rev.Civ. Stat. Ann. art. 5447(1), an abstract of judgment was only required to include the names of each party defendant against whom the plaintiff actually received a judgment. It did not require the names of every defendant named in the original lawsuit.

On January 1, 1984, however, the former statute was repealed and replaced with Tex. Prop.Code Ann. § 52.003. The present statute no longer requires that the abstract of judgment include "[t]he names of the plaintiff and of the defendant *in such judgment;* " rather, Tex. Prop.Code Ann. § 52.003(a)(1) states that an abstract of judgment must show "the names of the plaintiff and defendant." Based upon the omission in the current statute of the modifying language "in such judgment," the Court must determine whether the requirements of Tex. Prop.Code Ann. § 52.003(a)(1) are met when an abstract of judgment includes the names of all defendants against whom a judgment in favor of the plaintiff has been rendered, but omits the names of the defendants against whom the plaintiff received a take nothing judgment.

■ A fundamental rule of statutory construction is that a court should first ascertain the intent of the legislature in enacting the statute as expressed in its plain language. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997). However, "it is the courts' obligation to construe statutes to avoid absurd results, if alternative interpretations are available and consistent with the legislative purpose." *In re Wright,* 231 B.R. 597, 603 (Bankr.W.D.Tex.1999) *(citing Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 575, 102 S.Ct. 3245, 3252, 73 L.Ed.2d 973

(1982)); *accord Olivares v. Nix Trust*, 126 S.W.3d 242, 247 (Tex.App.—San Antonio 2003, pet. denied) (*citing City of Amarillo v. Martin*, 971 S.W.2d 426, 428, n. 1 (Tex. 1998)) ["However, where an application of a statute's plain language leads to absurd results, courts do not enforce the statute under a literal interpretation."].

The plain language of the statute simply reads that "[a]n abstract of judgment must show the names of the plaintiff and defendant." TEX. PROP.CODE ANN. § 52.003(a)(1). Hence, the Debtor argues that the names of every defendant to the suit must be included in the abstract, even those defendants against whom a plaintiff does not receive any judgment. However, for the reasons set forth below, interpreting the statute in that manner would defy the purpose for which the entire abstracting process was created and would create confusion in the state's real property records as opposed to bringing clarity.

A review of the current statute and the accompanying case law fails to indicate that the omission of the language "in such judgment" from the language of TEX. PROP. CODE ANN. § 52.003(a)(1) was meant to effectuate any significant or material change in the historical requirements of an abstract of judgment. Moreover, there is nothing in the historical and statutory notes relating to TEX. PROP.CODE ANN. § 52.003 to suggest that this omission was intended to alter the requirement that an abstract must include only the names of those defendants against whom a plaintiff has obtained a judgment. In fact, in a 1989 case decided well after the enactment of the Texas Property Code, it was held that although the original petition sought relief against two defendants, the subsequent abstract needed only to include the name of the defendant against whom the plaintiff received judgment in order to be valid. *Gensheimer v. Kneisley*, 778 S.W.2d 138, 140 (Tex.App.—Texarkana 1989, no writ) ["No requirement exists that an abstract show the names of the parties to the suit or the names of the defendants in the suit; the only requirement is that the defendants *against whom a judgment was taken* be listed."] (emphasis added). Hence, there is no support for the proposition that the 1984 enactment of the Texas Property Code effectuated a substantial change in the prior law requiring that only the "defendants in the judgment" be included in an abstract. *See, e.g., Womack*, 166 S.W.2d at 369; *Shirey v. Trust Co. of Texas*, 69 S.W.2d 835, 837 (Tex.Civ.App.—Texarkana 1934, writ denied) [finding an abstract of judgment to be invalid in part because it did not include the names of certain defendants against whom the judgment "decreed a recovery by plaintiffs of all the cost of the case"]. In addition, if TEX. PROP.CODE ANN. § 52.003(a)(1) were to be interpreted as requiring that an abstract of judgment contain the names of each and every defendant in the lawsuit, even those defendants against whom no judgment was rendered, then no abstract could be rendered at all under TEX. PROP. CODE ANN. § 52.003 because the judgment plaintiff would be unable to specify "the amount for which the judgment was rendered and the balance due," as required by TEX. PROP.CODE ANN. § 52.003(a)(6).

■ Aside from the actual inability to comply with the statute, it is also widely recognized that the purpose of an abstract of judgment "is to create a lien against the debtor's property and to provide notice to subsequent purchasers of the existence of the judgment and the lien." *Banque Arabe Internationale D'Investissement*, 747 S.W.2d at 929; *see also Olivares*, 126 S.W.3d at 247; *Hoffman, McBryde & Co. v. Heyland*, 74 S.W.3d 906, 909 (Tex. App.—Dallas 2002, pet. denied) ["The object of abstracting a judgment and record-

ing and indexing it is to put persons searching the real property records on notice that there are judgment liens against certain clearly identified property."]; *Womack*, 166 S.W.2d at 368–69. Requiring an abstract of judgment to include only those defendants against whom a judgment has been rendered (*i.e.*, the defendants-in-judgment) supports this underlying purpose because it is only against the property of such defendants that a judgment lien may arise through the abstract process. It not only defies logic to require that an abstract of judgment include the names of defendants against whom the plaintiff received no judgment, but it actually defeats the clearly expressed purpose of the judgment lien recording statutes because such a rule would corrupt the index of abstracts with references to numerous parties against whom no judgment exists.

Requiring a plaintiff to abstract a judgment in the names of defendants against whom a take-nothing judgment has been entered would also create a cloud on the title to such defendants' property. *See, e.g.*, *In re Stroud Oil Properties, Inc.*, 110 S.W.3d 18, 26 (Tex.App.—Waco 2002, no pet. h.) ["Any deed, contract, judgment or other instrument not void on its face that purports to convey any interest in or make any charge upon the land of a true owner, the invalidity of which would require proof, is a cloud upon the legal title of the owner."] (citations omitted); *Stewart v. American Indus. Linings, Inc.*, 640 S.W.2d 654, 656 (Tex.App.—El Paso 1982, writ ref'd n.r.e.) [removing as a cloud on the title of property certain abstract of judgment liens]. Thus, such action might actually subject the judgment plaintiff to a claim by such defendants for damages due to the unwarranted inclusion of the names of

such innocent defendants in the abstract records.

Accordingly, for the reasons expressed, an abstract of judgment under TEX. PROP. CODE ANN. § 52.003 is not required to include the names of defendants against whom the plaintiff received a take-nothing judgment in order to be valid. To hold otherwise would frustrate the purpose of the statute, cause confusion among parties seeking to rely upon the accuracy of the judgment index, create unnecessary clouds on land titles of innocent defendants against whom no judgment exists, and subject judgment plaintiffs who seek to comply with the statute to potential liability for erroneously asserting the existence of a judgment against named parties when, in fact, no such judgment is in existence.

■ Applied in the context of the current case, the July 1998 abstracts of judgment filed by the Jackson Defendants were not required to include the names of R.A. Moreau and Catherine Kennington. The July 1998 abstracts did properly name the Debtor as a defendant against whom a judgment had been rendered, thereby creating a judgment lien against the property owned or subsequently acquired by the Debtor in the selected counties. *See* TEX. PROP.CODE ANN. § 52.001. This judgment lien was not superseded by the Debtor as the defendant-in-judgment during the appeal of the Amended Judgment rendered by the 3rd Judicial District Court of Anderson County, Texas,[19] and therefore the judgment lien was valid and subsisting against the Debtor from the date of the abstract and remained valid and unaffected by the subsequent mandate entered on March 9, 2001.[20] The Plaintiff–Debtor has cited no authority upon which to invalidate the July 1998 abstracts of judgment due to

---

**19.** *See* TEX. PROP.CODE ANN. § 52.0011.

**20.** *See* Defendants' Motion, EX. 4.

the subsequent action by the appellate court to reverse the decision of the trial court as to the two other defendants, to modify the judgment to include additional damages against all three defendants, to affirm the original judgment in all other respects as against the Debtor, and to remand the action for consideration of the imposition of further damages against all of the defendants. All of this subsequent action had no effect upon the validity of the original judgment against the Debtor. Such judgment was valid and subsisting from the date of its entry. Such judgment was never superseded by the Debtor and it formed a valid basis upon which a judgment lien properly arose against the Debtor's interest in real property. The subsequent abstracts containing the additional elements of damages assessed against the Debtor supplemented the scope of the original judgment lien. It did not supplant it. Consequently, the Court finds that the Defendants' Second Motion for Summary Judgment must be granted with regard to the validity of the July 1998 abstracts of judgment filed against the Plaintiff by the Jackson Defendants.[21]

As admitted by the Debtor in her Response to the Defendants' Second Motion For Summary Judgment, this ruling negates her preference cause of action and precludes her from "prevail[ing] on the merits in this case." It correspondingly moots the necessity of determining any issue regarding the alleged insolvency of the Debtor.[22] In fact, in light of this determination, there is no issue at all for which a trial is necessary in this adversary proceeding.

Having concluded that the Defendants' July 1998 abstracts of judgment were not invalidated due to the failure to include the names of the take-nothing defendants, the Notice of Lis Pendens filed by the Debtor in both Smith County, Texas, and Anderson County, Texas, are each groundless.[23] The Court will accordingly enter a judgment on the Plaintiff–Debtor's complaint in favor of the Jackson Defendants and order the cancellation of the two Notices of Lis Pendens filed by the Debtor.[24] An appropriate order and judgment will be entered which are consistent with this opinion.

---

21. *See* Debtor's Response, ¶ 1.

22. *See id.*

23. The two Notice of Lis Pendens were filed by the Debtor against the four tracts of land sold to the Defendants at the April 1, 2003, public sale

24. The Defendants also claimed an entitlement to an award of attorney's fees, but asserted no legal basis for such recovery. Accordingly, that request and all requests of the Plaintiff–Debtor will be denied.